UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FADY SORIAL, et al.,

    Petitioners,

-against-

ROBINHOOD FINANCIAL, LLC,

    Respondent.

CIVIL ACTION NO. 24-CV-2752 (JLR) (RFT)

**OPINION & ORDER**

This case was referred to me for general pretrial supervision and dispositive motions. (*See* ECF 15, Order.) Pending before the Court is the motion by Pro Se Petitioners Fady G. Sorial and Ramy G. Sorial's "motion for three basic constitutional rights" (ECF 29), which I interpret as a motion for me to recuse myself from this matter. This motion falls within the scope of my reference. For the reasons set forth below, the motion to recuse is GRANTED and the Report and Recommendation I issued (ECF 27) is VACATED.

**PROCEDURAL HISTORY**

Petitioners are brothers who live in Brooklyn, New York. (*See* ECF 10, Declaration of Jonathan J. Brennan ("Brennan Decl.") Ex. 1, Statement of Claim at 1.) They had accounts with Respondent, a brokerage firm that provides trading and brokerage services through its app and website. (*See id.* ¶ 4.) Respondent is a member of the Financial Industry Regulatory Authority ("FINRA"). (*See id.*)

On January 11, 2023, Petitioners brought an arbitration proceeding before FINRA Dispute Resolution. (*See id.* Ex. 9, Award at 1 (Case No. 23-00093).) Their Statement of Claim alleged, among other claims, that Respondent allowed them too much margin and improperly restricted their accounts from buying securities in 2022. (*See id*. Ex. 1, Statement of Claim at 1, 4.) On April 1, 2024,

1

an arbitration panel granted Respondent's motion for a directed verdict in its favor and issued an Award in Respondent's favor. (*See id.* Ex. 9, Award.)

On April 11, 2024, Petitioners, proceeding pro se, filed the Petition (ECF 1) seeking to vacate the Award and replace it with an award in their favor for $90 million. (*See* ECF 1-1, Petitioners' Mem. at 15.)

On May 2, 2024, Respondents filed a cross-motion to confirm the award, supported by a memorandum of law and the Brennan Declaration, which attached some of the materials from the underlying arbitration. (*See* ECF 8, Cross-Motion; ECF 9, Respondents' Mem.; ECF 10, Brennan Decl.)

On September 4, 2024, I issued a Report and Recommendation (ECF 27) recommending that Judge Jennifer L. Rochon deny the motion to vacate the Award and grant the cross-motion to enforce the Award. On September 5, 2024, Petitioners filed objections to the Report and Recommendation. (*See* ECF 28, Objections.)

On September 17, 2024, Petitioners filed the motion seeking my recusal. (*See* ECF 29, Motion.) Petitioners argue that I am biased against them and biased in favor of Respondent because Respondent is a client of my husband's in unrelated cases. (*See, e.g., id.* at 1-2.)

## DISCUSSION

I.  **Law Governing Motions To Recuse**

Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "The purpose of § 455(a) 'is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *Green v. N.Y.C. Health & Hosps. Corp.*, 343 Fed. App'x 712, 713 (2d Cir.2009) (*quoting Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865

(1988)). "In determining whether Section 455(a) requires recusal, the appropriate standard is objective reasonableness – whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" *United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.), *cert. denied*, 555 U.S. 1038 (2008). The decision whether to recuse is in the first instance within the discretion of the judge whose recusal is sought. "The judge presiding over a case is in the best position to appreciate the implications of those matters alleged in a recusal motion." In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988).

The Judicial Conference of the United States Committee on Codes of Conduct has issued Advisory Opinion No. 107, Disqualification Based on Spouse's Business Relationships (the "Advisory Opinion"), which explains that "[a] spouse's business relationships with a party, law firm, or attorney appearing before a judge may result in the judge's disqualification under Canon 3C(1) of the Code of Conduct for United States Judges." The Advisory Opinion goes on to state:

> [R]ecusal is mandatory under Canon 3C(1)(c) and (d) when: the judge's spouse is an officer, director, or trustee of a party in a proceeding before the judge (Canon 3C(1)(d)(i)); the judge's spouse is an attorney representing a party in a proceeding before the judge (Canon 3C(1)(d)(ii)); the judge's spouse is known to have an interest that could be substantially affected by the outcome of a proceeding before the judge (as when the spouse is an equity partner at a law firm that appears before the judge) (Canon 3C(1)(c) and (d)(iii) and Advisory Opinion No. 58); the judge's spouse is to the judge's knowledge likely to be a material witness in a proceeding before the judge (Canon 3C(1)(d)(iv)).

Committee on Codes of Conduct, Advisory Opinion No. 107. The Advisory Opinion notes that "[r]ecusal is not mandatory in other situations involving spousal business relationships that are less direct or consequential" and that "[r]ecusal in these situations will depend on a number of facts and

3

circumstances that must be evaluated on a case-by-case basis to determine, in accordance with Canon 3C(1), whether 'the judge's impartiality might reasonably be questioned.'" *Id.*

The Advisory Opinion provides guidance on the factors to be considered in determining whether recusal is warranted "[w]hen a judge knows that a client of the judge's spouse or the spouse's business appears before the judge":

> These factors include: (1) the spouse's personal role or lack of personal role in providing services to the client, (2) whether the services provided to the client are substantial and ongoing, (3) the nature of the client's relationship to the spouse or the spouse's business, and (4) the financial connection between the client, the business, and the judge's spouse (including the percentage of business revenue the client provides and the amount of compensation the spouse earns from the client).

*Id.*

The Advisory Opinion goes on to provide guidance on the appropriate analysis when the judge's spouse is personally engaged in providing services to a client appearing before the judge. In that situation, the judge should consider "the degree of involvement of the spouse or the spouse's business." The Advisory Opinion counsels that "[i]f the relationship to the client involves only an occasional or isolated transaction, recusal is not required unless some other particular fact or circumstance gives rise to reasonable questions about the judge's impartiality," but that if "the spouse is personally engaged in providing services to a client who appears before the judge in an unrelated proceeding, recusal is appropriate if the judge knows that the spouse or the spouse's business has an exclusive arrangement, or a substantial and ongoing relationship" with that client. *Id.*

## II.     Analysis

It is accurate that Respondent is a client of my husband's and of the firm where he is an equity partner. When this matter was first referred to me, I did not believe recusal was appropriate: my

4

husband's representation of Respondent involves matters unrelated to this case; my husband is not the relationship partner; his compensation is not tied to revenues generated by work for Respondent; and revenues generated by Respondent for his firm make up only a very small portion of the firm's total revenues. I categorically deny Petitioners' allegations that I am biased against them; that I am biased in favor of Respondent; and that I recommended that their motion to vacate the Award be denied and Respondent's cross-motion to confirm the award be granted due to Respondent's status as a client of my husband and his firm, rather than based on my evaluation of the merits of those motions given my understanding of the relevant law.

However, a motion to recuse shall be granted if the judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Actual bias against a party or in favor of another party is not necessary. Upon the filing of the motion to recuse, I examined the available guidance on recusal due to a client relationship between a judge's spouse and the spouse's law firm and a party appearing before the judge in a matter unrelated to the spouse's client relationship with that party. The Judicial Conference of the United States Committee on Codes of Conduct has provided counsel on this topic. *See generally* Committee on Codes of Conduct, Advisory Opinion No. 107.

Recusal here is not mandatory due to any of the four factors set forth at the beginning of the Advisory Opinion – my husband is not an officer, director, or trustee of a party; he is not an attorney representing a party in a proceeding before the me; he is not "known to have an interest that could be substantially affected by the outcome of a proceeding before" me; and he is not to my knowledge "likely to be a material witness in a proceeding before" me. *Id.*

I therefore must assess, in accordance with Canon 3C(1), whether my "impartiality might reasonably be questioned." *Id.* (internal quotation parks omitted). Turning to the factors to be

5

considered in performing that analysis, I note that my husband personally provides services to Respondent. In addition, the services provided to Respondent by him and his firm and are ongoing, and so the relationship is ongoing; and while the revenues generated from those services are not substantial relative to the firm's total revenues, they could be seen as substantial in an absolute sense, so that his firm's relationship with Respondent should fairly be viewed as substantial. The Advisory Opinion counsels that if "the spouse is personally engaged in providing services to a client who appears before the judge in an unrelated proceeding, recusal is appropriate if the judge knows that the spouse or the spouse's business has . . . a substantial and ongoing relationship" with that client. *Id.* Accordingly, I conclude that recusal is appropriate.

## CONCLUSION

For the foregoing reasons, the motion to recuse (ECF 29) is GRANTED; and the Report and Recommendation (ECF 27) is VACATED. Judge Rochon is respectfully requested to withdraw the reference to me, and the Clerk of Court is respectfully requested to terminate ECF 29.

DATED:  September 26, 2024
        New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**

6