UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FADY G. SORIAL and RAMY G. SORIAL,<br><br>Petitioners,<br><br>-against-<br><br>ROBINHOOD FINANCIAL, LLC,<br><br>Respondent. | Case No. 1:24-cv-02752 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

*Pro se* petitioners Fady G. Sorial and Ramy G. Sorial (together, "Petitioners") bring this petition to vacate an arbitration award entered in favor of Respondent Robinhood Financial, LLC ("Respondent" or "Robinhood") following an arbitration proceeding before a Financial Industry Regulatory Authority ("FINRA") panel of arbitrators. Robinhood has filed a cross-motion to confirm the award. For the following reasons, Petitioners' petition to vacate is DENIED and Respondent's cross-motion to confirm is GRANTED.

## BACKGROUND

Petitioners had accounts with Respondent, Dkt. 10-1 at 2-3 ("Arb. Claim"), a brokerage firm that provides trading and brokerage services through its app and website, Dkt. 10 ("Brennan Decl.") ¶ 4. Respondent is a member of FINRA. Brennan Decl. ¶ 4. On January 11, 2023, Petitioners filed a Statement of Claim with FINRA and submitted a FINRA Arbitration Submission Agreement. *Id.* ¶¶ 5-6; Arb. Claim; Dkt. 10-2. Petitioners sought $90 million in damages and alleged various claims, principally that Respondent (1) violated its margin rules by allowing them too much margin, and (2) improperly restricted their

Robinhood accounts. *See generally* Arb. Claim. The FINRA Arbitration Submission Agreement stipulated that Petitioners agreed to submit the matter "to arbitration in accordance with the FINRA By-Laws, Rules, and Code of Arbitration Procedure," and to "abide by and perform any award(s) rendered." Dkt. 10-2 at 1. On March 1, 2023, Robinhood submitted its Answer to the Statement of Claim and a FINRA Arbitration Submission Agreement. Dkts. 10-3, 10-4. A panel of three arbitrators was appointed, and the arbitrators held an initial pre-hearing conference on May 8, 2023. Dkt. 10-5 at 1. Over the next ten months, the parties proceeded through discovery, including third-party discovery, Brennan Decl. ¶ 10, and a hearing took place from March 25 to March 27, 2024, *id.* ¶ 13.

Petitioners and Robinhood offered into evidence a voluminous record, which the panel accepted in full. Brennan Decl. ¶¶ 14-16. Petitioners called only themselves as witnesses. *Id.* ¶ 18. At the final hearing, they sought damages ranging from $10 million to $90 million. *Id.* ¶ 19; *see also* Dkt. 10-9 ("Award") at 2. At the conclusion of Petitioners' case in chief, Respondent moved for a directed verdict pursuant to FINRA's Code of Arbitration Procedure Rule 12504(b). Award at 2; Brennan Decl. ¶ 20. On April 1, 2024, the panel granted the motion and issued an award that (1) "denied [Petitioners' claims] in their entirety" and (2) denied "[a]ny and all claims for relief not specifically addressed . . . including any requests for punitive damages[] and treble damages." Award at 2-3. The panel reasoned that "[t]he undisputed evidence in the record at the conclusion of [Petitioners'] case failed to establish a violation of law as alleged," and instead "established that [Petitioners] failed or refused to comply with, and/or comprehend the rules that indisputably governed their voluminous trading activities on Respondent's . . . trading platform." *Id.* at 2. The panel also emphasized that Petitioners had not "identif[ied], notwithstanding repeated requests from the Panel, the basis for their claim of monetary damages in any cognizable manner, which claim amounts

vacillated during the hearing." *Id.*  Finally, the panel explained that it found Petitioners "not credible, as they admitted setting up in excess of 100 money transfers into their accounts . . . of $50,000.00 each, that were reversed for insufficient funds, sometimes on multiple consecutive days, that had the effect of making it appear that there was more equity in their accounts than there actually was," despite Petitioners having "assert[ed] at the hearing that all of the attempted invalid transfers were inadvertent." *Id.*

This petition followed.  On April 11, 2024, Petitioners filed the instant Petition *pro se*, seeking to vacate the Award entered by the FINRA panel and asking this Court to award of $90 million in damages.  Dkt. 1 ("Pet.") at 7; Dkt. 1-1 at 1, 77.  In support of their motion, Petitioners submitted a recording of the hearing and 500 pages of exhibits.  *See* Pet. at 6; Dkts. 1-1, 1-2, 1-3.  On May 2, 2024, Robinhood filed a cross-motion to confirm the arbitration award.  Dkts. 8, 9 ("Robinhood Br.").  In support of its motion, Robinhood submitted the declaration of Jonathan J. Brennan, counsel for Robinhood in the underlying FINRA arbitration, which attached documents from the arbitration.  *See* Brennan Decl.

The Court referred the case to Magistrate Judge Tarnofsky for general pretrial purposes, as well as a recommendation on the Petition and Cross-Motion.  Dkt. 15.  After the parties completed briefing, Magistrate Judge Tarnofsky issued a Report and Recommendation.  *See* Dkts. 16 ("Petitioners' Opp."), 18 ("Robinhood Reply"), 19 ("Second Brennan Decl."), 20 ("Fruin Decl."), Dkt. 27 ("R&R").  On September 17, 2024, Petitioners moved for the recusal of Magistrate Judge Tarnofsky, Dkt. 29, which Judge Tarnofsky granted, Dkt. 30.  Judge Tarnofsky vacated the R&R and requested that the Court withdraw the Order of Reference.  Dkt. 30.  The Court granted Judge Tarnofsky's request, directed the Clerk of Court to reassign the case to another Magistrate Judge, and stated that it would rule

3

on the cross-motions instead of referring them to the newly assigned Magistrate Judge.  Dkt. 31.

## DISCUSSION

### I. Legal Standard

In this Circuit, "[t]he review of arbitration awards is 'very limited . . . in order to avoid undermining the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation.'"  *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, --- F. Supp. 3d ---, 2024 WL 1724592, at *17 (S.D.N.Y. Apr. 19, 2024) (quoting *Folkways Music Publ'g, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993)); *see Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. J & S Installation LLC*, No. 24-cv-04145 (JLR), 2024 WL 3797183, at *2 (S.D.N.Y. Aug. 13, 2024) (similar).  Section 10(a) of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10, sets forth four narrow grounds for vacating an arbitration award: "corruption, fraud, or undue means in procurement of the award, evident partiality or corruption in the arbitrators, specified misconduct on the arbitrators' part, or where the arbitrators exceeded their powers."  *Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011) (internal quotation marks omitted) (quoting *Wall St. Assocs., L.P. v. Becker Paribas Inc.*, 27 F.3d 845, 848 (2d Cir. 1994)); *see also* 9 U.S.C. § 10(a)(1)-(4).

"A party seeking to vacate an arbitration award under the FAA faces a formidable task." *Elwell v. Raymond James Fin. Servs., Inc.*, 686 F. Supp. 3d 281, 292 (S.D.N.Y. 2023). Based on the limited nature of review of arbitration awards, the Court is "empowered to vacate an arbitral award only if one of the grounds specified in 9 U.S.C. § 10 is found to exist, or if the award manifestly disregards the law." *L'Objet, LLC v. Limited*, No. 11-cv-03856 (LBS), 2011 WL 4528297, at *1 (S.D.N.Y. Sept. 29, 2011) (alterations adopted) (internal quotation marks and citations omitted).

Conscious that Petitioners are proceeding *pro se*, in reviewing the petition, the Court construes Petitioners' papers "liberally 'to raise the strongest arguments they suggest.'" *Jules v. Andre Balazs Props.*, No. 20-cv-10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).

## II.    Petition to Vacate the Arbitration Award

In their petition and other papers filed before this Court, Petitioners argue that the arbitration award should be vacated because (1) the award was corrupt and there was fraud, (2) the panel permitted Robinhood's counsel to "use cell phone exhibits" about counsel's personal stocks, (3) the award was based on a motion to dismiss made in bad faith, (4) Petitioners were denied the opportunity to question Robinhood's witnesses, (5) the math in the award was wrong, and (6) Robinhood engaged in money laundering.  Pet. at 5, 7; Petitioners' Opp. at 1, 6, 9.  Robinhood opposes these grounds, asserting that Petitioners have not provided evidence of corruption or fraud, and have not demonstrated any of the narrow grounds for vacating an arbitration award under the Federal Arbitration Act ("FAA").  Robinhood Br. at 5-8.  The Court addresses each ground for vacatur under the FAA in turn, before considering Petitioners' remaining arguments.

First, Petitioners have not demonstrated that "the award was procured by corruption, fraud, or undue means."  9 U.S.C. § 10(a)(1).  To vacate an arbitration award under § 10(a)(1), "it must be abundantly clear that 'the award was procured by corruption, fraud, or undue means.'"  *Polin v. Kellwood Co.*, 103 F. Supp. 2d 238, 256 (S.D.N.Y. 2000) (quoting *Karppinen v. Karl Kiefer Mach. Co.*, 187 F.2d 32, 34 (2d Cir. 1951)), *aff'd*, 34 F. App'x 406 (2d Cir. 2002) (summary order).  The petition alleges fraud and corruption in regard to the chairman of the panel and the award, but the evidence submitted in support of the petition does not reveal any indicia of corruption beyond Petitioners' conclusory allegations of fraud.

5

*See* Pet. at 5, 7; Dkt. 1-1 at 15, 18; Petitioners' Opp at 1.  By contrast, counsel for Robinhood submitted sworn declarations stating that they never engaged in clandestine meetings with the arbitration panel or paid consideration to, or made an agreement with, the arbitrators for an award in favor of Robinhood.  *See* Second Brennan Decl. ¶¶ 3, 4; Fruin Decl. ¶¶ 3, 4.  The Court therefore concludes that, despite Petitioners' repeated labeling of the arbitrators and the award as a "fraud" or "corrupt," they have provided no evidence to show that this is the case.  Vacatur of the arbitration award is not warranted under this ground.

Second, Petitioners have not demonstrated that there was "evident partiality or corruption in the arbitrators." 9 U.S.C. § 10(a)(2).  "[E]vident partiality may be found only where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration," and "[m]ere 'speculation' is insufficient." *Meyer v. Kalanick*, 477 F. Supp. 3d 52, 56 (S.D.N.Y. 2020) (quoting *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 64, 72 (2d Cir. 2012)).  "[A]n arbitrator's failure to disclose a material relationship with one of the parties can constitute 'evident partiality' requiring vacatur of the award." *Certain Underwriting Members of Lloyds of London v. Florida*, 892 F.3d 501, 506 (2d Cir. 2018) (citation omitted).  In addition to conclusory allegations of fraud and corruption, Petitioners argue that the panel chair failed to disclose that two of his awards had pending motions to vacate, and that the panel was partial to Robinhood, as evidenced by permitting Robinhood's counsel to show exhibits on his cell phone.  *See* Petitioners' Opp. at 1-2, 9; Pet. at 7.  Robinhood argues that no material relationship existed between the arbitrators and Robinhood, and that Petitioners have presented no evidence of actual corruption beyond conclusory accusations.  Robinhood Br. at 6.  In addition to the declarations discussed above, Robinhood also submitted disclosures made by the chairman of the panel before and during the arbitration proceedings, which indicate that no conflict of

6

interest existed. *See* Dkt. 19-1 at 11; Dkt. 19-3 at 5; Dkt. 19-4 at 5. These disclosures also refute Petitioners' allegation that the panel chair failed to disclose that two of his awards had pending motions to vacate. *Id.* Finally, while Robinhood does not address the incident in which its counsel used his phone to show the Robinhood app during the arbitration hearing, it appears from Petitioners' submissions that counsel used the Robinhood app on his phone during cross-examination of Fady Sorial and asked him to "point out where [R]obinhood make[s] recommendations to sell and buy," Dkt. 1-1 at 34. FINRA arbitration rules permit the cross-examination of witnesses, Dkt. 19-5 at 3, and Petitioners have not identified any authority indicating that it was impermissible, and therefore a show of some sort of favoritism, to permit Robinhood's counsel to use the Robinhood app on his phone during cross-examination. As a result, Petitioners have not demonstrated any reason to vacate the award based on alleged partiality or corruption.

Third, Petitioners have not demonstrated that the arbitrators are "guilty of misconduct" by refusing to postpone the hearing, refusing to hear pertinent and material evidence, or of any other misbehavior by which the rights of any party have been prejudiced. 9 U.S.C. § 10(a)(3). Petitioners argue that they were "denied [their] rights to" question "Robinhood witnesses." Petitioners' Opp'n at 9. But the reason that Petitioners never had an opportunity to question the Robinhood witnesses is that Petitioners never called any witnesses from Robinhood during their case in chief, *see* Brennan Decl. ¶ 18, and the arbitration panel granted Robinhood's motion for a directed verdict after the close of Petitioners' case in chief, *see id.* ¶¶ 20, 21; Award at 2. The arbitrators also did not engage in misconduct by granting the motion for a directed verdict — characterized by Petitioners as a motion to dismiss — and Petitioners' allegations that the motion was made in bad faith are unfounded and conclusory. Finally, insofar as Petitioners argue that the arbitrators should have heard evidence on alleged murder

7

attempts by Robinhood on Petitioner Fady Sorial, *see* Petitioners' Opp. at 2-3, the Court does not find that such conclusory and unsubstantiated allegations were germane to the underlying claim submitted to the arbitration panel, and thus the panel did not refuse to hear pertinent and material evidence.  Petitioners have identified no other instances of potential misconduct that would demonstrate that the arbitrators are guilty of misconduct.  The hearing dates were scheduled at the initial pre-hearing conference, Petitioners made no effort to move the hearing, and the hearing was held on the scheduled dates.  *See* Brennan Decl. ¶ 13.  As Robinhood points out, the arbitration panel admitted all of Petitioners' trial exhibits, "totaling 13,470 pages and spanning 44 volumes" of exhibit books.  Robinhood Br. at 7; *see* Brennan Decl. ¶¶ 14-15.  The arbitration panel heard all the evidence proffered by Petitioners, and heard testimony from them over two full days, Brennan Decl. ¶ 18, giving them "an adequate opportunity to present [their] evidence and argument." *ST Shipping & Transp., Ltd. v. Agathonissos Special Mar. Ent.*, No. 15-cv-04983 (AT), 2016 WL 5475987, at *3 (S.D.N.Y. June 6, 2016) (quoting *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997)).  The Court thus concludes the arbitrators are not guilty of misconduct and that this ground does not support vacatur.

Fourth, Petitioners have not demonstrated that the arbitrators "exceeded their powers." 9 U.S.C. § 10(a)(4).  This inquiry asks "whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." *Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 220 (2d Cir. 2002) (Sotomayor, J.) (citation omitted).  The Court finds that the arbitration panel ruled only on those issues presented to them by the parties and did not exceed their authority.  *See id.* (explaining that if "arbitrators rule on issues not presented to them by the parties, they have exceeded their authority"); Dkt. 10-2 (submitting the "present matter in

8

controversy, as set forth in the attached statement of claims . . . to arbitration"). The reasoning set forth in the award reveals that the panel ruled on the question of whether Petitioners had established a violation of law and were entitled to money damages, a question plainly within the scope of the arbitrators' authority. *See* Award at 2. Accordingly, this final ground set forth by the FAA does not warrant granting the petition to vacate the arbitration award.

Finally, Petitioners have not demonstrated that the arbitration award was in manifest disregard of the law. In addition to the four grounds set forth in the FAA, courts in the Second Circuit may also vacate arbitration awards if the award was in manifest disregard of the law. However, the reach of the manifest-disregard doctrine "is severely limited." *Polin*, 103 F. Supp. 2d at 256. Interpreting Petitioners' submissions liberally, the Court determines that their submissions can be construed to argue that Robinhood engaged in money laundering by giving them too much credit, and that the panel erred in not concluding the same. *See, e.g.*, Petitioners' Opp. at 4. However, Petitioners have neither demonstrated that Robinhood gave them too much credit nor how, even if it did so, such conduct would violate the laws, including those prohibiting money laundering. There is therefore no indication that the arbitration panel disregarded the law and vacatur is not warranted based on any manifest disregard of the law.[1]

---

[1] Insofar as Petitioners assert that the panel disregarded their factual assertions, *see* Petitioners' Opp. at 1 ("[C]hairman corrupt [*sic*] refuse[d] to acknowledge facts and evidence of [R]obinhood . . . ."), the Second Circuit has made clear that manifest disregard of evidence or facts does not support vacatur of an arbitration award. *See Elwell*, 686 F. Supp. 3d at 293 (explaining that the Second Circuit "does not recognize manifest disregard of the evidence as proper ground for vacating an arbitrator's award" (quoting *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004))).

9

Petitioners' other arguments do not warrant the vacatur of the arbitration award. Petitioners argue that the math in the award was wrong, *see* Petitioners' Opp. at 6; Pet. at 7, but this is not ground to vacate an arbitration award, particularly when Petitioners' submissions and the record before the arbitration panel do not reveal an error, mathematical or otherwise, in the panel's decision. *See Associated Musicians of Greater N.Y. v. League of Am. Theaters & Producers*, No. 05-cv-02769 (KMK), 2006 WL 3039995, at *4 (S.D.N.Y. Oct. 25, 2006) ("[T]he contractual theory of arbitration . . . requires a reviewing court to affirm an award it views as incorrect — even very incorrect — so long as the decision is plausibly grounded in the parties' agreement." (citation omitted)); *Wackenhut Corp. v. Amalgamated Loc. 515*, 126 F.3d 29, 32 (2d Cir. 1997) (same); *Nat'l Football League Mgm't Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 539 (2d Cir. 2016) (similar). Petitioners also argue that Robinhood's cross-motion to confirm did not mention, and so admits, four murder attempts against Fady Sorial, "[f]raud equity to inject fraud margin," money laundering, Robinhood's purchase of the arbitration award, "fraud discovery in firna [*sic*] case," and perjury in Robinhood's answer in the underlying arbitration. Petitioners' Opp. at 2. But Robinhood has not admitted these claims, *see* Robinhood Reply at 8, and has already litigated these claims in the underlying arbitration, *see id.*; Award; Dkt. 19-8. These claims were rejected by the arbitration panel, *see generally* Award, and do not provide grounds for vacating the arbitration award.

Having concluded that Petitioners have not shown any ground for vacating the arbitration award, the Court denies the petition.

### III. Motion to Confirm the Arbitration Award

"Under the FAA, 'any party to [an] arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the

10

award is vacated, modified, or corrected as prescribed in sections 10 and 11'" of the FAA. *Elwell*, 686 F. Supp. 3d at 294 (alteration in original) (quoting 9 U.S.C. § 9). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed 'if a ground for the arbitrator's decision can be inferred from the facts of the case.'" *First Cap. Real Est. Invs., L.L.C. v. SDDCO Brokerage Advisors, LLC*, 355 F. Supp. 3d 188, 196 (S.D.N.Y.) (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)), *aff'd*, 794 F. App'x 86 (2d Cir. 2019) (summary order). "Due to the parallel natures of a motion to vacate and a motion to confirm an arbitration award, denying the former implies granting the latter." *L'Objet*, 2011 WL 4528297, at *3; *see also Elwell*, 686 F. Supp. 3d at 294 (same).

As explained above, Petitioners have not provided any valid reason to vacate, modify, or correct the arbitration award. The facts of this case support the arbitrator's decision and Robinhood's motion to confirm the arbitration award is granted. *See Shenzhen Zongheng Domain Network Co. v. Amazon.com Servs. LLC*, No. 23-cv-03334 (JLR), 2023 WL 7327140, at *7 (S.D.N.Y. Nov. 7, 2023) (granting cross-motion to confirm arbitration award after denying petition to vacate); *First Cap.*, 355 F. Supp. 3d at 196 (same).

## CONCLUSION

For the reasons stated above, Petitioners' petition to vacate the April 1, 2024 arbitration award is DENIED and Robinhood's cross-motion to confirm the arbitration award

is GRANTED. The Clerk of Court is directed to terminate the motions at Dkts. 1 and 8, close the case, and mail a copy of this Opinion and Order to Petitioners at the address on the docket.

Dated: November 25, 2024
      New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge